IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PEYTON S.,**

      **Plaintiff,**

  v.

**COMMISSIONER OF
SOCIAL SECURITY,**

      **Defendant.**

                    Civil Action 2:23-cv-2409
                    Judge Edmund A. Sargus, Jr.
                    Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Plaintiff, Peyton S., brings this action under 42 U.S.C. § 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 12), and the administrative record (ECF No. 8). Plaintiff did not file a reply memorandum. For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

**I.     BACKGROUND**

Plaintiff filed her applications for DIB and SSI on February 22, 2021, alleging that she has been disabled since March 20, 2019, due to epilepsy, possible Tourette Syndrome, spinal problems and learning problems. (R. at 271-284, 307.) Plaintiff's applications were denied initially in June 2021 and upon reconsideration in October 2021. (R. at 86-129, 137-52.) On

June 29, 2022, administrative law judge Kevin Fallis (the "ALJ") held a telephone hearing, at which Plaintiff, who was represented by counsel, appeared and testified. (R. at 46-85.) A vocational expert also appeared and testified at the hearing. (*Id.*) On August 22, 2022, the ALJ issued a decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 13-41.) The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1-7.) This matter is thus properly before this Court for review.

## II. RELEVANT RECORD EVIDENCE

The Undersigned has thoroughly reviewed the transcript in this matter, including Plaintiff's medical records, function and disability reports and testimony as to her conditions and resulting limitations. Given the claimed error raised by the Plaintiff, rather than summarizing that information here, the Undersigned will refer and cite to it as necessary in the discussion of the parties' arguments below.

## III. ADMINISTRATIVE DECISION

On August 22, 2022, the ALJ issued his decision. (R. at 13-41.) The ALJ first found that Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2025. (R. at 19.) Then, at step one of the sequential evaluation process,[1] the ALJ found that

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

    1.    Is the claimant engaged in substantial gainful activity?
    2.    Does the claimant suffer from one or more severe impairments?
    3.    Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

2

Plaintiff has not engaged in substantially gainful activity since March 20, 2019, the alleged onset date. (*Id.*) The ALJ found that Plaintiff has the following impairments that either singularly and/or in combination are severe: seizure disorder, degenerative disc disease of thoracic spine, hernias, short gut, cervicocranial syndrome, cervicalgia, diabetes mellitus, obesity, generalized anxiety disorder, major depressive disorder, adjustment disorder, learning disability in math and reading, and borderline intellectual functioning. (*Id.*) The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, [the ALJ] finds that the [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that [Plaintiff] can never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; and occasionally stoop, kneel, crouch and crawl. [Plaintiff] must avoid all use of hazardous moving machinery, and all exposure to unprotected heights. Additionally, [Plaintiff] must avoid concentrated exposure to vibration, and must avoid work involving very loud noises (level 5) such as a fire alarm. There can be no driving of a motor vehicle, or swimming as a work duty. [Plaintiff] is limited to simple, routine, and repetitive tasks, performed in a work environment free of fast-paced production requirements, such as assembly line work, involving only simple work related decisions and routine workplace changes. There can be only occasional interaction with the public, coworkers, and supervisors.

(R. at 22-23.) At step four of the sequential process, the ALJ determined that Plaintiff is unable

---

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

3

to perform past relevant work. (R. at 34.) Relying on the VE's testimony, the ALJ concluded at Step 5 that Plaintiff can perform other jobs that exist in significant numbers in the national economy such as a document preparer, optical assembler, or account clerk. (R. at 34-35). He therefore concluded that Plaintiff was not disabled under the Social Security Act at any time since March 20, 2019. (R. at 35.)

**IV.     STANDARD OF REVIEW**

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision

4

of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives [Plaintiff] of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

V. **ANALYSIS**

In her Statement of Errors, Plaintiff asserts that the ALJ erred in his analysis of the opinion evidence – specifically, in his analysis of a Mental Impairment Questionnaire completed by Plaintiff's treating physician, Thomas Valentine, D.O. (ECF No. 11 at PAGEID ## 1131-1135.) Plaintiff argues that the ALJ "failed to articulate his rationale in accordance with the regulations" by "simply stat[ing] that [the Mental Impairment Questionnaire] is not well supported without evaluating whether Dr. Valentine relied on objective medical evidence." (*Id.* at PAGEID # 1133.) Plaintiff also complains that the ALJ's decision "does not provide an evaluation as to how consistent Dr. Valentine's opinions are with evidence from other sources of [the] record." (*Id.*)

In response, the Commissioner characterizes Plaintiff's position as "primarily a disagreement with how the ALJ decided to weigh differing medical opinions." (ECF No. 12 at PAGEID # 1140.) The Commissioner also reviews the ALJ's decision as a whole, submitting that the ALJ explained that the Mental Impairment Questionnaire "was not well supported" and that the ALJ "discussed that Dr. Valentine's notes started to reflect improvement with treatment by March 2022, which appeared to be inconsistent with his opinion of marked limitations managing her symptoms." (*Id.* at PAGEID ## 1144-1149 (internal quotation marks omitted).) Plaintiff did not file a reply brief in further support, so the matter is ripe for judicial review.

5

As a preliminary matter, a claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).  An ALJ must assess a claimant's RFC based on all the relevant evidence in a claimant's case file.  *Id.*  The governing regulations include a section entitled "[h]ow we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017." 20 C.F.R. § 416.920c.  These regulations provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 416.920c(a).  Instead, they provide that an ALJ will consider medical source opinions and prior administrative findings using five factors: supportability, consistency, relationship of source to claimant, specialization, and other factors tending to support or contradict a medical opinion or prior administrative medical finding.  20 C.F.R. § 416.920c(c)(1)–(5).

The regulations explicitly indicate that the "most important factors" to consider are supportability and consistency.  20 C.F.R. § 416.920c(b)(2).  Indeed, the regulations require an ALJ to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings" in a benefits determination or decision and allows that the ALJ "may, but [is] not required to, explain how [they] considered" the other factors.  20 C.F.R. § 416.920c(b)(2).  If, however, two or more medical opinions or prior administrative medical findings are equal in supportability and consistency "but are not exactly the same," an ALJ must also articulate the other most persuasive factors.  20 C.F.R. § 416.920c(b)(3).  In addition, when medical sources provide multiple opinions or multiple prior administrative findings, an ALJ is not required to articulate how he evaluated each opinion or finding individually but must instead articulate how he considered the opinions or

6

findings from that source in a single analysis using the five factors described above. 20 C.F.R. § 416.920c(b)(1). Finally, the regulations explain that the SSA is not required to articulate how it considered evidence from non-medical sources. 20 C.F.R. § 416.920c(d).

The applicable regulations provide the following guidance for how ALJs should evaluate the "supportability" and "consistency" of medical source opinions and prior administrative findings:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2). In practice, this means that the "supportability" factor "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, No. 5:20-CV-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citing SSR 96-2p, 1996 SSR LEXIS 9 (July 2, 1996) (explaining supportability and inconsistency); 20 C.F.R. § 416.927(c)(3), (4) (differentiating "supportability" and "consistency"); 20 C.F.R. § 416.920c(c)(1), (2) (further clarifying the difference between "supportability" and "consistency" for purposes of the post-March 27, 2017 regulations)).

Against that background, Plaintiff takes aim at the ALJ's one (1) sentence analysis of the Mental Impairment Questionnaire, which reads in its entirety as follows:

> Likewise, the mental impairment questionnaire completed by Dr. Valentine in June 2022 is also partially persuasive, as it is not well supported and the record at hearing

7

>  level supports the limitations as set forth in the above residual functional capacity, including [Plaintiff's] examinations, objective testing, and other opinion evidence.

(R. at 33 (internal citation omitted).) Plaintiff argues that with this one sentence, the ALJ "fails to meaningfully engage with the consistency and supportability factors." (ECF No. 11 at PAGEID # 1135.) The Undersigned agrees.

While the ALJ stated that Dr. Valentine's Mental Impairment Questionnaire "is not well supported," the ALJ wholly failed to provide any explanation for *how* he reached that conclusion. As a result, no reviewing court can trace his reasoning. *James C. v. Comm'r of Soc. Sec.*, No. 2:23-CV-1098, 2024 WL 1464443, at *6 (S.D. Ohio Jan. 9, 2024), *report and recommendation adopted*, No. 2:23-CV-1098, 2024 WL 1268252 (S.D. Ohio Mar. 26, 2024) ("[T]he ALJ rejected the at-issue portion of Dr. Rowland's opinion in a way that is not clear to the Court. Such failure constitutes reversible error.") (citing *Tammy D. v. Comm'r of Soc. Sec.*, No. 2:22-CV-3026, 2023 WL 3243199, at *8 (S.D. Ohio May 4, 2023) ("The ALJ's portrayal of the record evidence, however, raises questions preventing the Court from tracing his reasoning. As a result, the ALJ failed to build an accurate and logical bridge between the *relevant* evidence and the result."); *Fyffe v. Comm'r of Soc. Sec.,* No. 1:21-CV-332, 2022 WL 2176538, at *11 (N.D. Ohio June 16, 2022) (The reasons the ALJ gave to support that conclusion, however, failed to build an accurate and logical bridge between the *relevant* evidence and the result))).

While the Commissioner is correct that the Court may read the ALJ's decision as a whole, doing so here does not cure the ALJ's deficient analysis. Specifically, while the ALJ's decision appropriately details Plaintiff's treatment history, including with Dr. Valentine, it makes no effort to suggest, let alone establish, *how* Dr. Valentine's ultimate conclusions are unsupported by any objective medical evidence. (R. at 23-33.) The Commissioner appears to

8

recognize this, as it seems to the Undersigned that the Commissioner has attempted to use the subject briefing to connect dots which the ALJ failed to connect, to provide a roadmap for this Court to follow so that it can adopt the ALJ's decision. (ECF No. 12 at PAGEID ## 1140-1153.) But that is not the Court's job. *Barry W. H. v. Comm'r of Soc. Sec.*, No. 2:21-CV-5426, 2022 WL 3584357, at *5 (S.D. Ohio Aug. 22, 2022), *report and recommendation adopted*, No. 2:21-CV-5426, 2022 WL 6148439 (S.D. Ohio Oct. 7, 2022) ("It is well-settled that it is not the Court's job, to weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job.") (internal quotation marks omitted) (citing cases). Rather, it is the ALJ's job to follow the appropriate regulations, and that includes an adequate discussion of the supportability of Dr. Valentine's opinions. 20 C.F.R. § 416.920c(c)(1).

Given this, it is well settled that the ALJ's failure to discuss the supportability of Dr. Valentine's opinions requires remand, because "without fuller explanation, this court cannot engage in meaningful review of the ALJ's decision." *Reed v. Comm'r of Soc. Sec.*, No. 3:20-CV-02611-CEH, 2021 WL 5908381, at *6 (N.D. Ohio Dec. 14, 2021) (quoting *Todd v. Comm'r of Soc. Sec.*, No. 3:20-cv-1374, 2021 WL 2535580, at *8 (N.D. Ohio June 3, 2021)); *see also Jacob B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-617, 2022 WL 130761, at *8 (S.D. Ohio Jan. 14, 2022) ("In the absence of a sufficient explanation of supportability and consistency with the record as a whole, the Court cannot conclude that the ALJ's consideration of Dr. Rush's opinion is supported by substantial evidence . . . . Accordingly, the ALJ's decision must be reversed and remanded for further proceedings to properly analyze Dr. Rush's medical opinions pursuant to 20 C.F.R. § 404.1520c."). Accordingly, Plaintiff's assignment of error is well taken.

## VI. CONCLUSION

For these reasons, it is therefore, **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and The ALJ under Sentence Four of § 405(g).

## VII. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date: August 7, 2024**             *s/ Elizabeth A. Preston Deavers*
                                     **ELIZABETH A. PRESTON DEAVERS**
                                     **UNITED STATES MAGISTRATE JUDGE**